SO ORDERED.

SIGNED this 15th day of December, 2016.



Dale L. Somers
United States Bankruptcy Judge

_____

Not designated for publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

PAUL J. ROBBEN,

                DEBTOR.

CASE NO. 13-20814
CHAPTER 7

## MEMORANDUM OPINION AND ORDER DENYING THE BARTLETT PARTIES' MOTION FOR AN ORDER THAT ALL DISCHARGEABILITY ISSUES WILL BE DETERMINED BY THIS COURT AND FOR CONFIRMATION THAT THEY MAY PURSUE ALL THEIR DISTRICT COURT CLAIMS AGAINST DEBTOR PAUL ROBBEN

The matter under advisement is the Bartlett Parties'[1] motion for an order that all issues about the dischargeability of their claims against Debtor Paul Robben will be determined by this Court and for confirmation that because of a prior order for stay relief, they may pursue all the claims against Debtor that they have asserted in *Foxfield Villa*

_____

[1] Bartlett Family Real Estate Fund, LLC; PRES, LLC; Foxfield Villa Associates, LLC; Ernest J. Straub, III; and Richard A. Bartlett.

*Assocs. LLC, v. Regnier*, case no. 12-CV-2528-CM-CPO, District Court for the District of Kansas ("District Court Case").[2] Debtor opposes the motion. The Court has carefully considered the parties' pleadings and heard oral arguments. For the reasons stated below, the motion is denied.[3]

**BACKGROUND FACTS.**

Prepetition, Debtor and the Bartlett Parties were involved in a real estate development project which did not succeed. In March 2013, the Bartlett Parties sued Debtor and others in federal district court. In April 2013, Debtor filed for bankruptcy relief under Chapter 7. In June 2013, the Bartlett Parties filed an adversary proceeding objecting to the discharge of their claims against Debtor. In August 2013, the Bartlett Parties filed a motion in Debtor's main bankruptcy case for relief from the automatic stay to prosecute their claims against Debtor in the District Court Case and a motion in the adversary proceeding to stay it until the liability issues were determined in the District

---

[2] Doc. 48. The Bartlett Parties' suit was *Bartlett Family Real Estate Fund, LLC, v. Regnier*, case no. 13-CV-2120-JWL-DJW, but in August 2013, it was consolidated with an earlier-filed suit, case no. 12-CV-2528-CM-CPO, which was designated as the lead case.

[3] This Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b) and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised the authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2016). The Court concludes the Bartlett Parties' request that all dischargeability issues be determined by this Court is a core proceeding which the Court may hear and determine as provided by § 157(b)(2)(I) for determinations of the dischargeability of particular debts and by § 157(b)(2)(A) for matters concerning the administration of the estate, and their request for confirmation that they may pursue all their claims against Debtor in the District Court Case is a core proceeding which the Court may hear and determine as provided by § 157(b)(2)(G) for motions to terminate, annul, or modify the automatic stay. There is no objection to venue or jurisdiction over the parties.

2

Case 13-20814    Doc# 73    Filed 12/15/16    Page 2 of 6

Court Case. Debtor did not object to either motion, and both of them were granted. The stay relief order, entered on September 18, 2013, states that it permits "the continuation of and conclusion to the entry of final judgment in the District Court Actions of [the Bartlett Parties'] claims against the Debtor."[4] On February 6, 2014, Debtor was granted a discharge under § 727 by a standard form order which states that the debts excepted from discharge include "[d]ebts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged."[5]

On June 2, 2015, a judgment was entered against parties other than Debtor in a state court action arising out of the same failed real estate development. While an appeal of that judgment was pending, all claims between the state court defendants and the Bartlett Parties, including those asserted in the District Court Case, were settled. After that, the only remaining claims in the District Court Case were the Bartlett Parties' claims against Debtor and RDC, a limited liability company owned by Debtor.

On November 25, 2015, the Bartlett Parties filed a 32-count second amended complaint against Debtor and RDC in the District Court Case. On June 30, 2016, Debtor filed a motion to dismiss nine of the counts against him based upon his bankruptcy discharge. On June 29, 2016, the Bartlett Parties filed their motion in this case for a ruling that all issues related to the dischargeability of their claims against Debtor should be determined by this Bankruptcy Court, and for confirmation that they may pursue all

---

[4] Doc. 39 at 2.

[5] Doc. 42 at 2.

their claims against Debtor in the District Court Case.[6] On August 10, 2016, Debtor filed his motion asking this Court to stay the District Court Case under § 105 until after the dischargeability proceeding brought by the Bartlett Parties in this Court is completed.[7]

**THE COURT DECLINES TO ENTER THE REQUESTED ORDERS.**

   **A. The proceedings against Debtor in the District Court Case are enjoined by the discharge injunction imposed by § 524(a) of the Bankruptcy Code.**

The Court finds that proceedings against Debtor in the District Court Case are enjoined by the discharge injunction imposed by § 524(a), and the Bartlett Parties may not pursue their claims against Debtor absent further order of this Court. On September 18, 2013, the Bartlett Parties obtained an order for relief from the § 362 stay so they could proceed against Debtor in the District Court Case. But § 362(c)(2) provides that the automatic stay imposed by § 362 terminates on the earlier of: (1) the time the case is closed; (2) the time the case is dismissed; or (3) the time a discharge is granted to a Chapter 7 individual debtor. Therefore, when Debtor was granted a discharge on February 6, 2014, the automatic stay of § 362 terminated, and the September 18, 2013 order granting the Bartlett Parties relief from stay became a nullity.

However, when Debtor was granted his discharge, the § 524(a)(2) discharge injunction became operative. It provides that a discharge under Title 11 "operates as an injunction against the commencement or continuation of an action . . . to collect, recover

---

[6] Doc. 48.

[7] Doc. 57. That motion will be denied by a separate order.

4

or offset any such [discharged] debt as a personal liability of the debtor." The Tenth Circuit BAP has held that the claims subject to the injunction include all discharged claims and claims which are the subject of a pending dischargeability complaint.[8] This means that the District Court Case against Debtor, which seeks judgments against him on many claims, including the claims alleged to be nondischargeable,[9] is enjoined because of the entry of the discharge. The Bartlett Parties have filed a motion for modification of the discharge injunction.[10] When ruling on that motion, the Court will determine the extent to which the District Court Case may proceed against Debtor.

**B. In the District Court Case, the District Court may determine Debtor's discharge defenses.**

The Bartlett Parties seek a ruling that this Court has exclusive jurisdiction to make all determinations regarding Debtor's discharge, apparently for the purpose of precluding consideration of the discharge defenses Debtor has raised in the District Court Case. Such an order would be contrary to authority. Although jurisdiction to determine which debts are excepted from discharge generally resides in the bankruptcy court,[11] other courts

---

[8] *Buke, LLC, v. Eastburg ( In re Eastburg)*, 447 B.R. 624, 632 (10th Cir. BAP 2011).

[9] The claims asserted may also include some claims which have been discharged.

[10] Doc. 64.

[11] Jurisdiction to hear dischargeability proceedings is vested in the federal district court under 28 U.S.C. § 1334(b), 4 *Collier on Bankruptcy*, ¶ 523.03 (Alan N. Resnick & Henry J. Sommer, eds.-in-chief, 16th ed. 2016), and can be referred to the bankruptcy court under 28 U.S.C. § 157(a). Bankruptcy courts are authorized to hear and determine core proceedings, 28 U.S.C. § 157(b)(1), and an action to determine the dischargeability of a specific debt is a core proceeding, 28 U.S.C. § 157(b)(2)(I). "The bankruptcy court has exclusive jurisdiction to determine dischargeability of . . . debts" under § 523(a)(2), (4) or (6). 1983 Advisory Note to Fed. R. Bankr. P. 4007; *see also* 4 *Collier*, ¶ 523.03. "For all the other exceptions

5

Case 13-20814    Doc# 73    Filed 12/15/16    Page 5 of 6

have jurisdiction to consider the effect of the discharge.[12] A bankruptcy discharge is a recognized defense to liability on a claim.[13]

**CONCLUSION.**

For the foregoing reasons, the Court denies the Bartlett Parties' motion for a ruling that all issues about the dischargeability of their claims against Debtor will be determined by this Court, and for confirmation that because of a prior order for stay relief, they may pursue all the claims they have asserted against Debtor in the District Court Case.

**IT IS SO ORDERED.**

# # #

---

to discharge enumerated in 523(a), jurisdiction may be exercised by either the bankruptcy court or the state or other nonbankruptcy court." 4 *Collier*, ¶ 523.03. The order for relief from stay, if still effective, would not bar the federal district court's consideration of the discharge defense; the lifting of the stay allowed the claims against Debtor to be pursued but did not deprive him of any defenses to those claims.

[12] "The issue whether a claim was excepted from discharge may be determined either in the court that entered the discharge or — in most instances — in another court with jurisdiction over the creditor's claim." Comment to 2010 Amendment to Fed. R. Civ. P. 8.

[13] *E.g., U.S. v. Clayton*, 465 B.R. 72, 82 (M.D.N.C. 2011). Prior to an amendment in 2010, "discharge in bankruptcy" was an enumerated affirmative defense under Federal Rule of Civil Procedure 8(c).