SO ORDERED.

SIGNED this 15th day of December, 2016.



*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge

Not designated for publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

PAUL J. ROBBEN,

                        DEBTOR.

CASE NO. 13-20814
CHAPTER 7

MEMORANDUM OPINION AND ORDER
DENYING DEBTOR'S MOTION FOR THE BANKRUPTCY COURT
TO IMPOSE A STAY UNDER § 105 OF
THE DISTRICT COURT CASE AGAINST DEBTOR

The matter under advisement is Debtor Paul Robben's motion for an order under 11 U.S.C. § 105[1] to enjoin all litigation against him in the United States District Court for the District of Kansas, *Foxfield Villa Assocs., LLC, v. Regnier*, case no. 12-CV-2528-CM-CPO ("District Court Case") until after the completion of the dischargeability proceeding

---

[1] Future references to Title 11 in the text will be cited to the section number only.

that is pending in this Court.² The plaintiffs in the District Court Case, the Bartlett Parties,³ oppose the motion. The Court has carefully considered the parties' pleadings and heard oral arguments. For the reasons stated below, the motion is denied.⁴

**BACKGROUND FACTS.**

Prepetition, Debtor and the Bartlett Parties were involved in a real estate development project which did not succeed. In March 2013, the Bartlett Parties sued Debtor and others in federal district court. In April 2013, Debtor filed for bankruptcy relief under Chapter 7. In June 2013, the Bartlett Parties filed an adversary proceeding objecting to the discharge of their claims against Debtor. In August 2013, the Bartlett Parties filed a motion in Debtor's main bankruptcy case for relief from the automatic stay to prosecute their claims against Debtor in the District Court Case and a motion in the adversary proceeding to stay it until the liability issues were determined in the District Court Case. Debtor did not object to either motion, and both of them were granted. The stay relief order, entered on September 18, 2013, states that it permits "the continuation of

---

² Doc. 57.

³ Bartlett Family Real Estate Fund, LLC; PRES, LLC; Foxfield Villa Associates, LLC; Ernest J. Straub, III; and Richard A. Bartlett.

⁴ This Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b) and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised the authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2016). A motion for the imposition of a stay under 11 U.S.C. § 105 is a core proceeding which this Court may hear and determine as provided in 28 U.S.C. § 157(b)(2)(A) or (O). There is no objection to venue or jurisdiction over the parties.

and conclusion to the entry of final judgment in the District Court Actions of [the Bartlett Parties'] claims against the Debtor."[5] On February 6, 2014, Debtor was granted a discharge under § 727 by a standard form order which states that the debts excepted from discharge include "[d]ebts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged."[6]

On June 2, 2015, a judgment was entered against parties other than Debtor in a state court action arising out of the same failed real estate development. While an appeal of that judgment was pending, all claims between the state court defendants and the Bartlett Parties, including those asserted in the District Court Case, were settled. After that, the only remaining claims in the District Court Case were the Bartlett Parties' claims against Debtor and RDC, a limited liability company owned by Debtor.

On November 25, 2015, the Bartlett Parties filed a 32-count second amended complaint against Debtor and RDC in the District Court Case. On June 30, 2016, Debtor filed a motion to dismiss nine of the counts against him based upon his bankruptcy discharge. On June 29, 2016, the Bartlett Parties filed their motion in this case for a ruling that all issues related to the dischargeability of their claims against Debtor should be determined by this Bankruptcy Court, and for confirmation that they may pursue all their claims against Debtor in the District Court Case.[7] On August 10, 2016, Debtor filed

---

[5] Doc. 39 at 2.

[6] Doc. 42 at 2.

[7] Doc. 48. That motion will be denied by a separate order.

3

his motion asking this Court to stay the District Court Case under § 105 until after the dischargeability proceeding brought by the Bartlett Parties in this Court is completed.[8]

**THE COURT DECLINES TO ENTER THE REQUESTED ORDER.**

The Court finds that an injunction is already in place, and therefore declines to enter the requested order under the authority of § 105. Section 362(c)(2) provides that the automatic stay imposed by § 362 terminates on the earlier of: (1) the time the case is closed; (2) the time the case is dismissed; or (3) the time a discharge is granted to a Chapter 7 individual debtor. Therefore, when Debtor was granted a discharge on February 6, 2014, the automatic stay of § 362(a) terminated, and the September 18, 2013 order granting the Bartlett Parties relief from stay became a nullity.

However, when Debtor was granted his discharge, the § 524(a)(2) discharge injunction became operative. It provides that a discharge under Title 11 "operates as an injunction against the commencement or continuation of an action . . . to collect, recover or offset any such [discharged] debt as a personal liability of the debtor." Section 523(c) provides that a debtor shall be discharged from debts that might be excepted from discharge by § 523(a)(2), (4), or (6) unless the affected creditor raises the question and the court rules the debt is covered by one of those provisions. The Tenth Circuit BAP has construed §§ 524(a)(2) and 523(c) to mean that claims subject to the § 524(a)(2) discharge injunction include not only all discharged claims but also claims that are the

---

[8] Doc. 57.

subject of an unresolved dischargeability complaint, which are "'presumptively discharged' until the bankruptcy court makes a determination regarding dischargeability."[9]  This means that the District Court Case against Debtor is enjoined because of the entry of the discharge.  No further order of this Court is required.

Debtor's motion for an order under § 105 to enjoin all litigation against him in the District Court Case until after the completion of the dischargeability proceeding in this Court is denied.

**IT IS SO ORDERED.**

# # #

---

[9]*Buke, LLC, v. Eastburg (In re Eastburg)*, 447 B.R. 624, 632 (10th Cir BAP 2011) (bold-face in original omitted).