SO ORDERED.

SIGNED this 17th day of March, 2022.



*Dale L. Somers*
Dale L. Somers
United States Chief Bankruptcy Judge

Designated for online use only
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

PAUL J. ROBBEN,

                DEBTOR.

CASE NO. 13-20814
CHAPTER 7

Memorandum Opinion and Order
Granting the Bartlett Parties' Motion to Modify
the Discharge Injunction to Adjudicate Claims in State Court

Since at least 2013, the Bartlett Parties[1] have sought recovery from Debtor Paul J. Robben[2] for losses incurred as a result of investments they made in 2008 in a failed real estate development managed by Debtor. The Bartlett Parties' goals are to obtain jury trial verdicts against Debtor in a nonbankruptcy court on state law tort claims and then to obtain a ruling in the adversary proceeding they filed in 2013 that the resulting judgments are excepted from discharge under various sections of § 523.[3] Since Debtor was granted a discharge in 2014 under § 727, these goals can be accomplished only if this Court modifies the discharge injunction. The Court previously amended the injunction to allow litigation in federal district court. But that action was dismissed without a ruling on state law claims. After the dismissal was affirmed and with leave of this Court, the Bartlett Parties filed their claims in Johnson County, Kansas District Court. They now seek leave to litigate those claims to judgment. Although this matter has been pending for far too long, the Court finds that, despite the resulting additional delay, the

---

[1] Bartlett Family Real Estate Fund, LLC; PRES, LLC; Foxfield Villa Associates, LLC; Richard A. Bartlett, and Ernest Straub, III. In the text, these parties will be referred to collectively as the Bartlett Parties. The Bartlett Parties appear by Frank Wendt and Deron A. Anliker.

[2] Debtor Paul J. Robben appears by Robert M. Pitkin and Larry A. Pittman, II.

[3] 11 U.S.C. § 523. All references to title 11 in the text are to the section number only.

2

best path is to grant relief from the discharge injunction to permit the Bartlett Parties to litigate their state law claims pending against Debtor in the Johnson County, Kansas District Court and to stay the dischargeability adversary proceeding until such proceedings are final.

I. Factual Background

The Bartlett Parties first asserted claims against the Debtor Paul J. Robben ("Robben") in federal district court in 2013. As a consequence, Robben filed for relief under Chapter 7 on April 3, 2013. The Bartlett Parties responded by filing an adversary proceeding to except their claims against Robben from discharge under § 523 (the "Dischargeability Complaint").[4] The Dischargeability Complaint seeks only rulings on dischargeability and does not pray for rulings of this Court on Robben's liability or damages.

An unopposed motion for relief from stay to continue the federal district court litigation was granted. Thereafter, in 2014, Robben was granted a discharge, except as to those debts the Bankruptcy Court specifically finds are not dischargeable. In 2015, the Bartlett Parties filed a 32 count amended complaint in Kansas federal district court against Robben under state law tort claims, the Securities Exchange Act of 1934, and the Kansas Uniform Securities law. A jury trial was demanded.

---

[4] Adv. no. 13-06064.

3

This Court's order on the Bartlett Parties' first motion to modify the discharge injunction imposed by § 524(a)(2) was entered in January 2017. The order allowed the Bartlett Parties to pursue their claims against Robben in the federal district court that have elements that are the same as the exceptions to discharge in the sections of § 523 relied upon in the Dischargeability Complaint. Discovery was completed in the federal court litigation. Dispositive motions were filed. The district court ruled adversely to the Bartlett Parties on the federal securities law claim, the only claim within the original subject matter jurisdiction of the federal court, and declined to exercise supplemental jurisdiction over the remaining state law claims.

In response, the Bartlett Parties moved for relief from the discharge injunction to allow the filing of a petition in Johnson County, Kansas District Court asserting the state law claims that had been dismissed by the federal court. This Court granted the motion in October 2018, ruling that the Bartlett Parties could file the state court petition but not proceed with litigation, other than the filing and service of the proposed complaint, absent further order of this Court. The petition (the "Johnson County Petition") was filed on August 22, 2018. It alleges 14 counts against Robben, some claims against RDC, a

4

Case 13-20814    Doc# 108    Filed 03/17/22    Page 4 of 13

limited liability company whose only member is Robben, and demands a jury trial.[5]

The dismissal of the federal court action became final in 2021, after being affirmed by the Tenth Circuit Court of Appeals and denial of a petition for certiorari to the United States Supreme Court. This Court then held a status conference. Robben timely filed a motion for summary judgment, which was denied. The Bartlett Parties now seek modification of the discharge injunction to allow them to pursue the claims asserted against Robben in the Johnson County Petition and a stay of the Dischargeability Proceedings until such determination.

## II. Analysis

### A. The Parties' Positions

In support of their motion for modification of the discharge injunction, the Bartlett Parties rely on the same factors which supported modification of

---

[5] The claims against Robben are: count 1- breach of fiduciary duty; count 3 - aiding and abetting RDC's breach of fiduciary duty; count 4 - fraud; count 5 - aiding and abetting bank fraud; count 6 - fraudulent nondisclosure; count 7 - fraudulent concealment; count 8 - violation of the Kansas Securities Act; count 9 - negligent misrepresentation against Robben when acting as a real estate broker and/or salesperson; count 10 - negligence against Robben when acting as a real estate broker and/or salesperson; count 11 - tortious interference with contracts and business expectancy; count 12 - aiding and abetting bank's tortious interference with contracts and business expectancies; count 13- conversion; count 14 - civil conspiracy against Robben and RDC; and count 15- joint venture. A jury trial is demanded.

5

the injunction in 2017, when they sought leave to pursue the federal district court litigation.

Robben responds that much has changed since the injunction was modified in 2017. He asks this Court to deny the motion because "it will be more efficient and economical to conduct one trial in bankruptcy court on all aspects of this case (dischargeability, liability. . ., and damages)."[6]

B. Modification of the discharge injunction

When granting the Barlett Parties' motion for modification of the discharge injunction in 2017, this Court held that the factors relevant to stay relief under § 362 control and, in the absence of Tenth Circuit precedent, applied the factors identified in *Curtis*.[7] Factors one, ten, eleven, and twelve were found most relevant. Those factors are:

> (1) Whether the relief will result in a partial or complete resolution of the issues.
> (10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties.
> (11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial.
> (12) The impact of the stay on the parties and the "balance of hurt."[8]

---

[6] Doc. 105, 2.

[7] *In re Robben*, 562 B.R. 469, 476 (Bankr. D .Kan. 2017) (citing *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D .Utah 1984)).

[8] *Id.*

6

More than five years have passed since this Court held these factors supported modification to allow the Bartlett Parties to pursue their claims against Robben in federal court.

The first, tenth, and eleventh factors continue to support modification. Now, as before, neither denial nor granting of the motion will result in complete resolution of the issues in a single court. This Court has exclusive jurisdiction over dischargeability under §§ 523(a)(2), (a)(4), and (a)(6); if the motion is granted, the state court cannot rule on dischargeability. If the motion is denied, this Court cannot grant the relief sought by the Bartlett Parties in state court. The Dischargeability Complaint does not seek a ruling on liability and damages. In addition, the Bartlett Parties have steadfastly sought a jury trial on liability and damages. Even if liability, damages, and dischargeability were at issue in the Dischargeability Complaint, absent the parties' consent, which has not been given,[9] this Court could not conduct a

---

[9] One of Robben's arguments in opposition to modification is that "there are both procedural and substantive barriers that may preclude a jury trial in this case," allegedly arising from failure to request transfer of the dischargeability proceeding to the district court for trial and waiver of the right to trial by jury in the operating agreement. Doc. 105, 16-18. The Bartlett Parties' reply brief presents counter arguments. Doc. 106, 7-8. This Court declines to consider this complex issue, which is not determinative of the motion before the Court.

7

Case 13-20814    Doc# 108    Filed 03/17/22    Page 7 of 13

jury trial, as demanded by the Bartlett Parties in the Johnson County Petition on the issues of liability and the amount of damages.[10]

When opposing modification of the injunction, Robben suggests that this Court has jurisdiction to determine both his liability on the Bartlett Parties' claims and the dischargeability of those claims. This Court is not convinced.[11] First, as stated above, the Dischargeability Complaint does not seek a ruling on liability and damages, and this Court knows of no basis to require the Bartlett Parties to supplement the relief sought. Second, absent consent, this Court's jurisdiction to enter a money judgment against Robben is uncertain. Although Tenth Circuit authorities holding that a bankruptcy court has jurisdiction to enter a money judgment on a state law claim as part of dischargeability litigation have not been reversed,[12] this position is now

---

[10] 28 U.S.C. § 157(e).

[11] When ruling in 2017 this Court found it could not grant full relief because a judgment from a nonbankruptcy court on Robben's liability under the federal or state securities laws was a prerequisite to the exception to discharge under § 523(a)(19). When currently opposing modification, Robben argues that since 2017 the law has developed and a bankruptcy court may now both enter a judgment on a securities law claim and determine its dischargeability. Doc. 105, 10-11. Robben relies on two cases, *Tillman Enters., LLC v. Horlbeck (In re Horlbeck)* 589 B.R. 818 (Bankr. N.D. Ill. 2018) and *Holzhueter v. Groth (In re Holzhueter),* 571 B.R. 812 (Bankr. W.D. Wis. 2017). But these cases are not convincing since they do not address the impact of *Stern v. Marshall*, 564 U.S. 462 (2011). Further, Robben overlooks the fact that in the Adversary Complaint the Bartlett Parties do not pray for a judgment against Robben under Kansas securities law.

[12] *E.g., Lang v. Lang (In re Lang)*, 293 B.R. 501, 516-17 (10th Cir. BAP 2003).

questionable. Collier states, "the historical justification for the exercise of bankruptcy jurisdiction to enter money judgments in nondischargarebility proceedings is questionable following the Supreme Court's decision in *Stern v. Marshall* . . . Thus, unless the parties consent, the entry of such judgments by a bankruptcy judge likely is improper."[13] Adopting a controversial position on jurisdiction would be an invitation to further prolong this litigation.

The tenth factor, judicial economy and the expeditious determination of the litigation, favors modification of the discharge injunction. To the extent the Bartlett Parties do not prevail on their state law claims against Robben, the need for a decision on dischargeability will be eliminated. To the extent the Bartlett Parties do prevail in state court and the specific findings supporting liability are properly documented, the collateral estoppel effect of findings of fact in state court should simplify the dischargeability trial.

As to the eleventh factor relevant to modification of the injunction, readiness of the nonbankruptcy proceedings for trial, the Court has been advised that discovery on the state law claims was completed while the dispute was pending in federal court. The Johnson County Petition should be ready for trial.

---

[13] 4 *Collier on Bankruptcy* ¶ 523.32 (Richard Levin & Henry J. Sommer eds.-in-chief, 16th ed. 2022).

The twelfth factor requires consideration of the impact of the lifting of the injunction on the parties and the "balance of hurt." As it was when ruling in 2017, this factor is difficult to evaluate. However, overall, the Court believes that the orderly decision of the dispute, with liability and damages being decided before dischargeability, actually avoids harm to both parties.

The Court therefore modifies the discharge injunction, but as previously held, such modification is granted only for the purpose of determining Robben's liability on claims that have the same elements as one of the exceptions to discharge alleged in the Adversary Complaint. For example, as to the Bartlett Parties' claims of breach of fiduciary duty, relief from stay is granted only to assert claims for breach of an express or technical trust within the meaning of §523(a)(6),[14] not to pursue breach of all fiduciary duties recognized by Kansas law.[15] As to the fraud claim, relief is granted only to pursue fraud claims that in addition to meeting the requirements of

---

[14] *See, e.g.*, *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367 (10th Cir. 1996) (under § 523(a)(4), a creditor must establish a fiduciary relationship with the debtor and fraud or defalcation committed by the debtor in the course of that fiduciary relationship; an express or technical trust must be present for a fiduciary relationship to exist under § 523(a)(4)).

[15] When responding to the Bartlett Parties' motion for modification of the injunction, Robben suggests that the Bartlett Parties have been pursuing breach of fiduciary duty claims that are not within those excepted form discharge under § 523(a)(6). Doc. 105, 9-10. The Bartlett Parties reply with extended arguments in response. Doc. 106, 2-7. Neither parties' arguments on this issue have been considered by the Court, since the issue here is modification of the injunction, not dischargeability.

Kansas law also satisfy the conditions of § 523(a)(2).[16] As to intentional tort claims, such as conversion and tortious interference with contract, relief from stay is granted only to pursue where the injury is alleged to be willful and malicious, within the meaning of § 523(a)(6).[17]

As previously held, relief from the discharge injunction is not necessary to pursue a claim against Robben as a nominal defendant where judgment against a debtor is a necessary prerequisite to recovery from a third party. It is the Court's understanding that Counts IX and X of the Johnson County Petition for negligent misrepresentation and negligence while acting as a real estate broker are asserted as the basis for recovery from the Kansas Real Estate Recovery Revolving Fund.[18] Therefore, pursuing these counts against Robben is outside the discharge injunction, but only if the conditions for

---

[16] *See, e.g., In re Young,* 91 F.3d at 1373 (to establish a claim is nondischargeable under § 523(a)(2)(A), the creditor must prove: "The debtor made a false representation; the debtor made the representation with the intent to deceive the creditor; the creditor relied on the representation; the creditor's reliance was reasonable; and the debtor's representation caused the creditor to sustain a loss"); *Vickery v. Vickery (In re Vickery)*, 488 B.R. 680 (10th Cir. BAP 2013) (the term"fraud" as used in § 523(a)(2)(A) means actual or positive fraud, not fraud implied by law).

[17] *See, e.g., Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) ("The word 'willful' in § 523(a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury.").

[18] K.S.A. 58-3068 *et seq.* (2022). The Court notes that assuming all conditions for recovery from the fund are satisfied, recovery allowed a claimant is capped at $15,000 (K.S.A. 58-3069(c)), and the payments for claims arising out of the same transaction is limited to $15,000, irrespective of the number of claimants. K.S.A. 58-3067.

11

recovery from the fund are present. Further, absent further modification, the discharge injunction bars entry of judgment against Robben and any attempt to recover from Robben by the Bartlett Parties and by the Real Estate Commission on these claims, if the Bartlett Parties' rights are assigned to the commission.[19]

## III. Conclusion

Relief from the discharge injunction is granted to determine the liability of Robben under state law for the claims which the Bartlett Parties contend are excepted from discharge in the Adversary Proceeding. The discharge injunction is further modified to include the entry of judgment against Robben on such claims, provided any judgment and any award of damages entered against Robben shall be conditioned as follows: (1) there shall be no collection, registration, execution, or other enforcement action and the judgment shall not become a lien on real property absent further order of the state court after dischargeability is determined by this Court; (2) if this Court rules that a particular damage award is dischargeable, the state court shall vacate that judgment and award of damages; and (3) if this Court rules

---

[19] *See* K.S.A. 58-3071 (2022) (providing that upon receipt by a claimant from the real estate recovery fund, the claimant shall assign the claimant's rights in the judgment to the director of the commission).

that a particular damage award is excepted from discharge, the state court shall order the conditions removed and permit execution on that award.

The Court will enter a separate Order in the Adversary Proceeding to stay further action in that proceeding pending further order of this Court.

**It is so ordered.**

###